UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELBERT D. PARRIS,

                Petitioner,          Nos.  05-CV-74813
vs.                                                      04-CR-80260

UNITED STATES OF AMERICA,

                Respondent.
_____/

OPINION AND ORDER DENYING PETITIONER'S 2255 MOTION
TO VACATE, SET ASIDE OR CORRECT SENTENCE

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on      February 24, 2009

PRESENT: Honorable Gerald E. Rosen
                  Chief Judge, United States District Court

## I. INTRODUCTION

This matter is presently before the Court on Petitioner Elbert D. Parris's § 2255 Motion to Vacate Sentence. The Government has responded to Parris's Motion and Petitioner has replied. Having reviewed and considered Petitioner's briefs, his supplements thereto, and the Government's response, and having reviewed the entire record of this matter, the Court finds that a hearing is unnecessary. Therefore, in accordance with Rule 8 of the Rules Governing Section 2255 Proceedings and Local Rule 7.1(e)(2), Petitioner's motion will be decided on the briefs.

## II. BACKGROUND

1

On May 11, 2004, Petitioner Elbert Parris was charged in four-count indictment with possession with intent to distribute cocaine and cocaine base ("crack") (Counts 1 and 2), being a felon in possession of a firearm (Count 3), and possession of a firearm in connection with a drug trafficking crime (Count 4). The charges against Parris arose out of a Jackson, Michigan police response to a 911 call on February 4, 2004 in which the complainant asserted that someone at a home located at 319 Orange Street in Jackson pulled a gun and pointed it at someone's head. Arriving at the scene shortly after the call, the police entered the residence upon the invitation of the occupant (Mr. Parris) and noticed a strong odor of marijuana in the air and saw other drug materials in plain view.

The police completed a protective sweep and immediately obtained a search warrant. Found during the subsequent search was 4.6 grams of crack cocaine, 229.74 grams of powder cocaine, 2 handguns, and various amounts of marijuana. Parris was subsequently interviewed by the police after being provided his *Miranda* warnings and confessed to distributing cocaine and being in possession of the drugs and the two handguns which he acknowledged were used in furtherance of his drug trafficking.

Due to Parris's significant criminal history and the circumstances of the case, Parris's case was referred for federal prosecution and he was indicted by a federal grand jury on the four narcotics and firearms charges noted above.

Parris's exposure for these offenses had he proceeded to trial and been convicted was 180-220 months imprisonment (level 26 offense, criminal history category VI, with

60 months consecutive on the possession of a firearm in furtherance of a drug trafficking crime). Parris, however, indicated early on that he was very interested in assisting the government in order to qualify for a motion by the government recommending a reduced sentence. To that end, Parris was interviewed numerous times by the federal authorities to determine the usefulness of his information. These sessions were attended by defense counsel, FBI/ATF agents and the Assistant U.S. Attorney assigned to the case.

Through no fault of Parris's, the information he provided did not prove useful to the government. Accordingly, defense counsel sought to negotiate a plea agreement to mitigate the severe sentence Parris was facing. Ultimately counsel was able to convince the government that the crack cocaine found in the apartment at the time of the search was not attributable to Parris, and Parris agreed to plead guilty to counts 2, 3 and 4 of the indictment. The parties stipulated to a criminal history category of III and a guideline range of 90 to 97 months.

Parris stipulated in the Rule 11 Agreement that he was satisfied with his lawyer's representation, and subsequently told the Court the same thing during the December 20, 2004 plea hearing. Parris also expressly waived his right to appeal.

During its Pre-Sentence Investigation, the probation department uncovered additional criminal history, increasing Parris's guidelines significantly. Probation also included the crack cocaine as relevant conduct, thereby increasing Parris's guideline range, after acceptance of responsibility, to 152 to 175 months. Parris's attorney filed

3

objections to the Pre-Sentence Report, pointing out that the government and Parris had stipulated that the crack cocaine was attributable to another individual. [*See* Defendant's April 8, 2005 Sentencing Memorandum, Dkt. # 13].

The Court ultimately sentenced Parris to 123 months imprisonment, a significantly less severe sentence than probation's 152-175 months recalculated range, and far less than his ultimate exposure of 220 months.

On December 20, 2005, Parris filed the instant § 2255 Motion. In this motion, Parris advances two claims: (1) that he was afforded ineffective assistance of counsel, and (2) that he was subjected to selective prosecution by the government.

## II.  DISCUSSION

### A.    INEFFECTIVE ASSISTANCE OF COUNSEL

Petitioner Parris first seeks § 2255 relief on the basis of "ineffective assistance of counsel." The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To establish ineffective assistance of counsel under federal constitutional standards, a defendant must satisfy a two-prong test. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-pronged test for determining whether a habeas petitioner has received ineffective assistance of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a

showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687.  Second, the petitioner must establish that the deficient performance prejudiced the defense. *Id*. However, a court deciding an ineffective assistance claim need not address both components of the inquiry if the defendant makes a sufficient showing on one.  *Id.* at 697.  If "it is easier to dispose of an ineffectiveness claim on the ground of lack of prejudice. . . that course should be followed."  *Id.*

With respect to the performance prong of the *Strickland* inquiry, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance.  *See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).  "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citations omitted).  "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."  *Id.* at 690.

With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, whether "there is a strong probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 687-88. Where, as here, a petitioner challenges counsel's effectiveness with respect to a guilty plea, "in order to satisfy the 'prejudice' requirement, the

5

[petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *see also O'Hara*, 24 F.3d at 828. However, with respect to the prejudice prong, it is not enough for petitioner to merely allege that he would have insisted on going to trial had counsel properly advised him. As this Court and other judges in this district have previously explained:

> In the guilty plea context, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59, 106 S.Ct. 366, 88 L.Ed2d 203 (1985). Furthermore, this determination depends in large part on a prediction of what the outcome of a trial might have been. *Id.* at 58-60, 106 S.Ct. 366; *Amstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). In other words, the petitioner must show that, but for counsel's errors, he would not have pleaded guilty, because there would have been at least a reasonable chance that he would have been acquitted. If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him. A petitioner's conclusory allegation that, but for an alleged attorney act or omission, he would not have pleaded guilty is not enough to prove such a claim. Petitioner must show that there is a reasonable probability that the result of the proceeding would have been different. it is not sufficient to show that, but for counsel's alleged errors he would have been convicted after a trial instead of after entering a guilty plea.

*Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 655 (E.D. Mich. 2002) (Friedman, J.); *see also Garrison v. E.o.*, 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001) (O'Meara, J.) (same); *United States v. Callendar*, Nos. 05-80288, 06-12386 (E.D. Mich., Apr. 19, 2007) (adopting Report and Recommendation); *Holtgrieve v. Curtis*, 174 F. Supp. 2d 572, 575

(E.D. Mich. 2001 (Hood, J) ("If examination of the totality of the circumstances shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial, he cannot show that the advice to plead guilty prejudiced him.")

Petitioner Parris has not met this burden.

Parris claims he was denied effective assistance of counsel when his attorney allegedly failed to independently investigate the bases of the charges lodged against him; failed to prepare the case for trial; failed to file objections to the pre-sentence report and failed to file a notice of appeal. As an initial matter, as indicated above, Parris stated in his Rule 11 Plea Agreement and on the record during his Plea Hearing that he was satisfied with counsel's representation in general and with respect to the plea in particular. He further stated at the hearing that he had received no promises, threats, or inducements to plead guilty. "These declarations concerning the performance of [defendant's] counsel were made in open court under oath and thus carry a strong presumption of veracity." *Johnson v. O'Dea*, 1993 WL 51933 at *4 (6th Cir. 1993), quoting, *United States v. Grewal*, 825 F.2d 220, 223 (9th Cir. 1987); *accord Hedman v. United States*, 527 F.2d 20, 22 (10th Cir. 1975); *see also, Blackledge v. Allison*, 421 U.S. 63. 74 ("Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.")

Furthermore, this is a case where Parris *confessed* to the criminal conduct to which he pleaded guilty. Parris does not argue that grounds existed to file a motion to suppress his confession. Indeed, it is with good reason that he does not. The police were reacting to a 911 call when they were invited into the residence at issue, and smelled marijuana and saw drug paraphernalia in plain sight.

As for Petitioner's claim that his lawyer failed to conduct an independent investigation, he does not suggest what lines of defense or what exculpatory evidence counsel should have or could have pursued in light of the clear evidence of his guilt. *See Jones v. Page*, 76 F.3d 831, 841 (7th Cir. 1996) (defense counsel has a duty only to pursue those defenses reasonably suggested by the factual circumstances surrounding the case); *Flores v. Johnson*, 957 F. Supp. 893, 913 (W.D. Tex. 1997) (petitioner "has identified no exculpatory evidence or additional defensive theories that would have been discovered or developed had his counsel investigated the case more thoroughly. . . . Thus, those assertions of ineffective assistance do not satisfy the prejudice prong of *Strickland*.")

He claims that his attorney never visited him in Milan. This is not true. His attorney was present when he was debriefed at Milan by federal agents. Similarly, Parris's claim that his lawyer failed to file objections to the pre-sentence report are not borne out by the record. Defense counsel voiced his objections to the pre-sentence report in the Sentencing Memorandum he filed with the Court on April 8, 2005. He reiterated

those objections at the Sentencing Hearing. Parris's claims that his attorney provided ineffective representation because he did not file an appeal also are without merit. His attorney could not have filed an appeal for Parris because Parris expressly waived his right to appeal.

Finally, an examination of the totality of the circumstances presented in this case shows that the petitioner would in all likelihood have been convicted of the same, or greater, charges after a trial. But for Parris's lawyer's efforts in negotiating a plea, Parris would have been exposed to 220 months imprisonment rather than the 123 months to which the Court ultimately sentenced him. Counsel negotiated -- with Parris's complete concurrence -- a reasonable Rule 11 Agreement under the circumstances. Further, his lawyer created a possibility that Parris could further reduce his sentence if he were able to substantially assist the government. "[C]ounsel's duty under the Constitution was to negotiate a reasonably favorable plea agreement, not the best one possible." *Abreu v. United States*, 925 F. Supp. 1404, 1411 (N.D. Ind. 1996). "The fact that . . . defendant may [now] regret having followed his attorney's advice is not grounds for relief under 28 U.S.C. § 2255." *United States v. Kranzthor*, 614 F.2d 981, 983 (5th Cir. 1980).

For all of the foregoing reasons, the Court finds no merit in Parris's claims of ineffective assistance of counsel.

B.   SELECTIVE PROSECUTION

As his second theory for vacating his sentence, Parris alleges that the decision to prosecute him federally was motivated by racial animus and thus violated the prohibition against selective prosecution.  Petitioner, however, has waived his right to pursue this claim.

Federal Rule of Criminal Procedure 12(b)(3)(A) requires that a motion alleging a defect in instituting the prosecution be raised in a pretrial motion. Failure to make such a pretrial motion results in waiver of the defense or objection.  *See United States v. Hayes*, 218 F.3d 615, 620 (6th Cir.2000) ("Rule 12 requires certain claims and defenses . . . to be raised before trial, and provides that those claims and defenses are forfeited if they are not timely asserted.")  A selective prosecution claim clearly qualifies as such an objection.  *United States v. Brimite*, 102 Fed. Appx. 952, 955 (6th Cir. 2006), citing *United States v. Mann*, 884 F.2d 532, 539 (10th Cir.1989) (selective prosecution implicates institution of prosecution and must be raised prior to trial); *see also Dillard v. United States*, 2007 WL 681565 (N.D. Ohio 2007) (failure to raise selective prosecution claim in pretrial motion constitutes a procedural default in a 2255 action).  Petitioner Parris made such motion prior to the entry of judgment against him, and he has shown no cause to excuse this procedural default.[1]

---

[1] Furthermore, by pleading guilty Parris waived his right to raise his selective prosecution claim in a § 2255 motion.  *See Tollett v. Henderson*, 411 U.S. 258, 267 (1972) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent

10

However, even if Petitioner's selective prosecution claim is not procedurally defaulted, it would still lack merit.

The Attorney General and the United States Attorneys retain "broad discretion" to enforce the Nation's criminal laws. *United States v. Armstrong*, 517 U.S.456, 464, 116 S.Ct. 1480, 1486 (1996), quoting *Wayte v. United Sates*, 470 U.S. 598, 607, 105 S.Ct. 1524, 1530-31 (1985). They have this latitude because they are designated by statute as the President's delegates to assist in the discharge of the President's constitutional responsibility to "take Care that the Laws be faithfully executed." *Armstrong* at 464, quoting U.S. Const., Art. II, § 3. As a result, "[t]he presumption of regularity supports" prosecutorial decisions and, "in the absence of clear evidence to the contrary, courts presume that they have properly discharged their official duties." *Id.*

A prosecutor's discretion, however, is "subject to constitutional constraints." *Id.* One of these constraints, imposed by the equal protection component of the Due Process Clause of the Fifth Amendment, is that the decision whether to prosecute may not be based on "an unjustifiable standard such as race, religion or other arbitrary classification." *Id.* A defendant may demonstrate that the administration of a criminal

---

claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *see also Handy v. United States,* 1998 WL 152928 at *2 (6th Cir. 1998) (holding that the district court properly found § 2255 petitioner's guilty plea waived his speedy trial and selective prosecution claims); *United States v. Rackstraw*, 1996 WL 254852 (5th Cir. 1996); *Perry v. United States*, 1995 WL 353900 (9th Cir. 1995); *Any v. United States*, 1995 WL 83965 (1st Cir. 1995); *United States v. Black*, 1991 WL 172680 (10th Cir. 1991);*United States v. Alford*, 2007 WL 2698720 (M.D. Fla. 2007).

law is "directed so exclusively against a particular class of persons. . . with a mind so unequal and oppressive" that the system of prosecution amounts to "a practical denial" of equal protection of the law. *Id.* at 465, quoting *Yick Wo v. Hopkins*, 118 U.S. 356, 373, 6 S.Ct. 1064, 1073 (1886). However, the prosecutor's actions are presumed to comport with constitutional requirements. Thus, in order to dispel the presumption that a prosecutor has not violated equal protection, a criminal defendant must present "clear evidence to the contrary." *Armstrong* at 465.

To establish a claim of selective prosecution, a criminal defendant must demonstrate that the federal prosecutorial policy "had a discriminatory effect <u>and</u> that it was motivated by a discriminatory purpose."*Id.*, quoting *Wayte v. United States, supra*, 470 U.S. at 608. *See also United States v. Jones*, 399 F.3d. 640, 645 (6th Cir., Mar. 3, 2005) (*"Jones II"*) ("To prevail on a selective prosecution claim, a defendant must show that the federal prosecutorial policy had both a discriminatory effect and a discriminatory intent.")

"To establish discriminatory intent in a case alleging selective prosecution based on race, a claimant must show that the prosecutorial policy was motivated by racial animus; to establish discriminatory effect, the claimant must demonstrate that similarly situated individuals of a different race were not similarly prosecuted." *Id*. And, because of the special considerations implicated by judicial inquiry into an exercise of prosecutorial discretion, the elements of a selective prosecution claim must be satisfied

by "exceptionally clear proof." *McCleskey v. Kemp*, 481 U.S. 279, 297 (1987). As the Supreme Court explained in *Armstrong*,

> No latitude of intention should be indulged in a case like this. There should be certainty to every intent. [Defendant] seeks to set aside a [prosecutorial policy]. . ., not on the ground that it is unconstitutional on its face, not that it is discriminatory in its tendency and ultimate actual operation. . ., but that it was made so by the manner of its administration. This is a matter of proof, and no fact should be omitted to make it out completely when the power of a Federal court is invoked. . . to challenge an exercise of one of the core powers of the Executive Branch of the Federal Government, the power to prosecute.

517 U.S. at 466-467 (Citations omitted.)

In *Armstrong*, the Supreme Court held that to be entitled to an order for discovery to establish a selective prosecution claim,[2] a defendant must first produce "some evidence tending to show the existence of the essential elements of the defense, discriminatory effect and discriminatory intent." *Id*. With respect to "discriminatory effect," the *Armstrong* Court held that a selective prosecution claimant is required to produce "some evidence of differential treatment of similarly situated members of other races or protected classes." *Id.* at 470. The Court in *Armstrong* found that the defendants there did not meet this threshold burden and accordingly held that they were not entitled to discovery in support of their claim. The Court explained,

> [I]f the claim of selective prosecution were well founded, it should not have been an insuperable task to prove that persons of other races were being treated differently than respondents. For instance, respondents could have

---

[2] Petitioner Parris includes a request for discovery in his Memorandum in Support of his 2255 Motion [*See* Memorandum, p. 7.]

13

> investigated whether similarly situated persons of other races were
> prosecuted by the State of California and were known to federal law
> enforcement officers, but were not prosecuted in federal court. We think
> the required threshold -- **a credible showing of different treatment of
> similarly situated persons** -- adequately balances the Government's
> interest in vigorous prosecution and the defendant's interest in avoiding
> selective prosecution.

*Id.* at 470.

The defendants' theory in *Armstrong* was that more blacks were disproportionately selected for federal prosecution for crack cocaine distribution. They presented as their threshold evidence a "study" listing 24 federal defendants, their race, and whether they were being prosecuted in federal court for dealing cocaine and/or crack, and the status of each case. The Supreme Court determined that the defendants' "study" did not constitute "some evidence tending to show the existence of the essential elements of" a selective prosecution claim. *Id.* The Court explained:

> The study failed to identify individuals who were not black and could have
> been prosecuted for the offenses for which respondents were charged, but
> were not so prosecuted.

*Id.*

Petitioner Parris relies upon similar evidence. Parris relies upon a listing of 61 federal firearms cases pending in the Detroit Federal Defender Office, and seven cases pending in Flint, all of which originated in state court. Of those 61 Detroit prosecutions, 53 of the defendants are African-American; and of the seven cases pending in Flint, six

14

of the defendants are African-American. However, like the list of federal defendants in the *Armstrong* case, Petitioner Parris's list "fail[s] to identify individuals who were not black and could have been prosecuted [in federal court] for the offenses for which he was charged, but were not so prosecuted."[3]

Furthermore, even assuming *arguendo* that Petitioner could produce evidence tending to show discriminatory effect, there remains no evidence tending to show discriminatory intent or purpose. As indicated above, to be entitled to discovery, the Defendant must produce some evidence tending to show the existence of both discriminatory effect and discriminatory intent. *United States v. Armstrong, supra*, 517 U.S. at 468. Defendant here has offered no evidence whatsoever of discriminatory intent. *Thorpe* makes clear that the defendant must show that officials in his case acted with a discriminatory purpose. Having failed to make such a showing, Petitioner has not met his threshold burden to entitle him to pursue his selective prosecution claim further.

## CONCLUSION

For all of these reasons,

IT IS HEREBY ORDERED that Petitioner Elbert D. Parris's § 2255 Motion to

---

[3] This Court addressed this same evidence and found it likewise insufficient to establish a *prima facie* claim of selective prosecution in *United States v. Wallace*, 389 F. Supp. 2d 799 (E.D. Mich. 2005). The Sixth Circuit also addressed these statistics in *United States v. Thorpe*, 471 F.3d 652 (6th Cir. 2006), and similarly held that they were insufficient to meet the rigorous "some evidence" standard because they said nothing about similarly situated individuals.

Vacate, Set Aside or Correct his Sentence **[Crim. Dkt. # 18]** is DENIED.

IT IS FURTHER ORDERED that Petitioner's "Motion to Compel and Show Cause" **[Dkt. # 23]** and "Motion for Status Inquiry, Motion for Show Cause and Compel, and Motion for Discovery and Production and Order of Subpoena Duces Tecum at Government's Expense" **[Dkt. # 25]** is DENIED.

IT IS FURTHER ORDERED that Parris's post-petition "Ex Parte Pro Se Motion for Writ of Habeas Corpus, and Motion for Summary Judgment in Default, and Motion for Directed Verdict of Acquittal, and Motion for Stay of Execution, and Motion for Immediate Release" **[Dkt. # 27]** is DENIED.

                                                s/Gerald E. Rosen
                                                Chief Judge, United States District Court

Dated: February 24, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 24, 2009, by electronic and/or ordinary mail.

                                                s/LaShawn R. Saulsberry
                                                Case Manager